[Docket No. 24]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00058-RMB |
| v. | **OPINION ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| JOHN C. HAYNES | (COMPASSIONATE RELEASE) |

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the motion shall be:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of____months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____
_____
_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ **DENIED** after complete review of the motion on the merits.

☑ **FACTORS CONSIDERED** (Optional)

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Relevant here, a defendant may show extraordinary and compelling reasons for release based on a medical condition where (1) "[t]he

defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," or (2) he or she is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious function or cognitive impairment, or (III) experiencing deteriorating physical or mental health because that of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1; *see United States v. Epstein*, Crim. No. 14-2871, 2020 WL 2537648, at *3, at *7-8 (D.N.J. May 18, 2020). Once a court finds that "extraordinary and compelling reasons" are present, the court must still consider whether the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, weigh in favor of a defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see*, *e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). Relevant here, "the Court must conduct a highly individualized inquiry of [the] Defendant to determine whether COVID-19 in conjunction with his alleged underlying medical conditions constitutes an extraordinary and compelling reason for release." *United States v. Catanzarite*, No. CR 18-0362, 2020 WL 2786927, at *3 (D.N.J. May 29, 2020).

Defendant claims that the Attorney General and Bureau of Prisons (BOP) mishandled the response to COVID-19, engaging in a "cause of action constitut[ing] negligence," and resulting in an "unreasonable risk of death," as well as "negligent infliction of emotional distress by the Government." [Docket No. 24, at 2.] Notably, Defendant is vaccinated, and he does not claim any specific health risks he faces should he contract COVID-19. [Docket No. 28, at 2.] Defendant argues compassionate release is warranted, citing *United States v. Hatcher*, 2021 WL 1535310 (S.D.N.Y. Apr. 19, 2021) and *United States v. Dones*, 2021 WL 6063238 (D. of Conn. Dec. 22, 2021), where District Courts granted like motions during the COVID-19 pandemic for certain other criminal defendants. [Docket No. 24, at 3.] Defendant requests that his motion to be granted and his sentence reduced to time served. [*Id.* at 1.]

In response, the Government makes two main arguments. First, the Government argues that Defendant has not met his burden to establish any extraordinary and compelling reason exist to support his compassionate release motion. [Docket No. 28, at 7.] Second, the Government argues that "all of the § 3553(a) factors weigh against release." [*Id.* at 8.]

The Court agrees with the Government's position. First, Defendant has not demonstrated that any extraordinary and compelling reasons for compassionate release exist. Defendant does not base his motion on his own health conditions, but rather, dedicates his motion to criticizing the general response by BOP during the COVID-19 pandemic. Defendant claims that he experienced each of the following while incarcerated:

1. Intensive [l]ock-downs
2. No [r]ecreational [t]ime
3. Extremely limited personal hygiene options
4. Limited phone use to communicate with family
5. limited computer use for law library and family communication
6. No contact visits
7. Cold meals and always served late
8. Constant fear of getting infected and possible loss of life

[Docket No. 24, at 2.] While the Court is sympathetic of Defendant's concerns related to the

4

COVID-19 pandemic, Defendant's claims are not sufficient to show any extraordinary and compelling reasons for his compassionate release.

Third Circuit establishes that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court finds that FCI-Ray Brook's current Level 1 status weighs against Defendant's motion for compassionate release. [Docket No. 28, at 3 and www.bop.gov/locations/institutions/rbk/] Also, "BOP has transferred many thousands of inmates to home confinement,…The total BOP population is now more than 10% less than it was at the outset of the pandemic, standing at the lowest level in decades." [Docket No. 28, at 3.]

In addition, the three cases cited by Defendant are distinguishable from Defendant's case. In *United States v. Hatcher*, the court granted compassionate release because Hatcher had viable reentry plans, good behavior while incarcerated, and that Hatcher had been unable to receive "mental health care, drug abuse treatment, and other important services that the Court envisioned her receiving while incarcerated." *United States v. Hatcher*, at *4. In *United States v. Dones*, the court granted compassionate release because of extraordinary punitive treatment (Dones was kept in his cell for almost 24-hours a day for weeks), lack of rehabilitative service, and serious health complications supported by medical documentations. *United States v. Hatcher*, at *3-4. Defendant cited *United State v Mathews* to illustrate the severity of COVID transmission in prisons. But the Mathews' court denied compassionate release despite the defendant's serious medical situation—multiple sclerosis. *United State v Mathews*, No. 20-1635, 846 Fed.Appx. 362, at *367-368 (6th Cir. 2021). Here, Defendant has not shown viable reentry plans, has not provided evidence that he lacked access to important rehabilitative service, has not provided evidence in support of extraordinary punitive treatment, and has not shown that he faces any serious health complications. Accordingly, the Court find that Defendant has not provided sufficient factual support to warrant compassionate release.

Notwithstanding the Court's finding that Defendant has failed to present extraordinary and compelling reasons for compassionate release, the Court will nonetheless weigh the factors set forth 18 U.S.C. § 3553(a), including the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant; ... [and]
>
> (4) the sentencing range established for [ ] the applicable category of offense.

18 U.S.C. § 3553(a).

The court finds that not only has Defendant failed to provide evidence establishing a serious threat to his safety based on objective medical evidence, but also that consideration of the above 18 U.S.C. § 3553(a) factors each weigh sharply in favor of denying his motion for compassionate release.

First, as to the nature and circumstances of the offense, the Court finds that this factor weights against Defendant's release. 18 U.S.C. § 3553(a)(1). As summarized by the Government in pertinent part,

> Haynes possessed and threw, while fleeing from the police in broad daylight, a fully loaded, defaced semiautomatic 9mm pistol…The fact that police linked this very pistol to six shooting events—including a shooting just five days before Haynes was found to be in possession of it—further highlights the danger… While there is no evidence suggesting that Haynes was involved in any of those shootings, his intentional possession of a loaded and defaced weapon—that is, one which cannot be traced by serial number, further underscores the inherent danger in his offense, as well as the need to deter both Haynes and others from illegally possessing firearms.

[Docket No. 28, at 8-9]

Second, the Court finds that Defendant's history and characteristics also weigh against release. Defendant is in the highest Criminal History Category of VI. [*Id.*] Defendant is a career offender and has a long criminal history, including four felony convictions, three of which were for drug trafficking, in addition to two juvenile adjudications. [*Id.*]

Third, the Court finds that there is a significant need for deterrence in this case, as well as to protect the public given Defendant's long criminal history. Defendant also failed to abide by BOP rules while serving this sentence, committing two disciplinary violations, one of which was for possession of a dangerous weapon. [Docket 27-3.] Also, Defendant is classified as posing a high risk of recidivism by the BOP. [Docket 27-2.]

The Court finds that all three § 3553(a) factors weigh against compassionate release. The sentence imposed is necessary to reflect the seriousness of the offense, deter future criminal conduct, and protect the public from further crimes. More importantly, Defendant has only served approximately 64 months of a 100 months sentence. Releasing Defendant early, given his criminal history and the circumstances surrounding his most recent offense, would undermine the intended purpose of deterring future criminal conduct and poses a threat to the public.

For the foregoing reasons, Defendant's Motion for Compassionate Release [Docket No. 24] will be DENIED. An accompanying Order of today's date shall issue.

<u>August 16, 2023</u>                         <u>s/Renée Marie Bumb</u>
Date                                    Renée Marie Bumb
                                             U.S. Chief District Judge